## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| **v.** | § | **2:14-CR-92** |
| | § | **(2:14-CV-363)** |
| **YOVANY FRANCY RUIZ-CABRERA,** | § | |
| **Defendant/Movant.** | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the United States of America's (the "Government") motion to dismiss Defendant/Movant Yovany Francy Ruiz-Cabrera's ("Ruiz-Cabrera") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 23). D.E. 38. Ruiz-Cabrera did not respond.

## I.  BACKGROUND

Ruiz-Cabrera was indicted on February 12, 2014 and charged with illegal reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b). He pled guilty without a plea agreement on March 13, 2014. A Presentence Investigation Report (PSR) was prepared. D.E. 12. The base level offense for illegal reentry is 8. U.S.S.G. § 2L1.2(a). Ruiz-Cabrera's prior conviction for aggravated assault, a crime of violence, increased his base offense level by 16 points and also added 2 points to his criminal history. His total offense level was calculated to be 21, after credit for acceptance of responsibility. He had 3 criminal history points, resulting in application of criminal history category II. The guideline range of imprisonment was calculated to be 41-51 months.

On May 20, 2014, the Court sentenced Ruiz-Cabrera to 41 months in the Bureau of Prisons and a $100 special assessment. Judgment was entered the following day. Ruiz-Cabrera did not file

an appeal, but filed the present motion three months after sentencing. It is timely.

## II.  MOVANT'S ALLEGATIONS

Ruiz-Cabrera raises several claims of ineffective assistance of counsel, complaining that his trial counsel failed to: (1) advise him of the trial rights he would waive by his guilty plea before rearraignment which resulted in an involuntary guilty plea; (2) object to the enhancement of his sentence based upon unsupported allegations; (3) ensure that there was an adequate factual basis for his guilty plea because his deportation process was constitutionally flawed; and (4) file a timely notice of appeal.

The Government responded and alleged that Ruiz-Cabrera's claims are conclusory and he is not entitled to relief.

## III.  ANALYSIS

### A.  28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B.  Ineffective Assistance of Counsel Standard

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed

under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### C. Analysis

#### 1. Voluntariness of Ruiz-Cabrera's Plea

Ruiz-Cabrera claims his plea was involuntary because counsel allegedly failed to inform him that he would be waiving his trial rights. The defendant must enter the plea agreement voluntarily. *See Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). Rule 11(d) of the Federal Rules of Criminal Procedure requires the court to address the defendant in open court and determine that the plea is voluntary and not the result of unlawful force, threats, or promises. The Supreme Court has defined

3

a voluntary plea:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g., bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970) (internal quotations omitted) (quoting *Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1972) (en banc), *rev'd on other grounds*, 356 U.S. 26 (1958)).

During the plea colloquy before the federal magistrate judge, Ruiz-Cabrera responded to the magistrate's questions and acknowledged he had enough time with his attorney and understood the charge against him, the maximum punishment, the manner in which his punishment would be calculated, and the rights he was giving up. He testified his plea was voluntary and that he had not been threatened or promised leniency. He admitted that he was a citizen of Guatemala who had previously been deported in 2005. He also admitted he reentered the United States without obtaining permission and claimed no legal right to be in the United States. *See* D.E. 10, 30, pp. 14, 15-21, 25-28, 31-33. After rearraignment, the magistrate judge recommended that Ruiz-Cabrera's plea of guilty be accepted, and the Court accepted it. D.E. 14.

Courts give great weight to a defendant's statements during the plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) (holding after-the-fact self-serving statements or testimony receive less weight than testimony during plea colloquy); *see also United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (placing great weight on defendant's statements during plea); *United States v. Maldonado-Rodriguez*, 64 F.3d 719, 733 (1st Cir. 1995)

(giving credence to defendant's representations at plea hearing that he had not been pressured).

Ruiz-Cabrera has not demonstrated that he was mislead or did not understand the significance of his guilty plea. He did not object to the Findings and Recommendation of the magistrate judge and posed no objection at sentencing. On this record, the Court does not find that Ruiz-Cabrera has met his heavy burden to demonstrate that his plea was involuntary or that his counsel provided ineffective assistance before the plea.

### 2. Failure to Object to the Sentence Enhancement

Ruiz-Cabrera claims there is no evidence of his previous conviction, only the information recited in the PSR. The record contradicts his assertion.

The Probation Department filed copies of documents reflecting that Ruiz-Cabrera was convicted of aggravated assault, a third degree felony, in violation of Arizona statutes §§ 13-3601(A), -1203, -1204, -701, -702, -702.01 and -801. D.E. 19. He was sentenced to 33 months imprisonment, and community supervision was imposed. Ruiz-Cabrera's thumb print was recorded along with his date of birth. *Id.*

On this record, there was no basis for counsel to object to the inadequacy of the evidence supporting Ruiz-Cabrera's prior conviction for aggravated assault. No ineffective assistance is shown.

### 3. Failure to Ensure an Adequate Factual Basis for Guilty Plea

Ruiz-Cabrera alleges that his previous deportation proceedings were constitutionally infirm because he was allegedly not advised in Spanish of his right to appeal or of his right to counsel. The Government responds that there is no right to appointed counsel in deportation proceedings. Ruiz-Cabrera produced no evidence to support his allegations, nor did he testify that he informed counsel

5

of the alleged defects in his deportation proceedings.

Under certain circumstances, an alien who is being prosecuted under § 1326 can assert a challenge to the underlying deportation order. *See United States v. Mendoza–Lopez*, 481 U.S. 828, 839 (1987). To successfully collaterally attack a deportation order in a § 1326 prosecution, the alien must show that: (1) the deportation hearing was fundamentally unfair; (2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the deportation; and (3) the procedural deficiencies caused him actual prejudice. *See United States v. Palacios–Martinez*, 845 F.2d 89, 91 (5th Cir. 1988); *United States v. Estrada–Trochez*, 66 F.3d 733, 735 (5th Cir. 1995) (quoting *United States v. Encarnacion–Galvez*, 964 F.2d 402, 406 (5th Cir. 1992)). To succeed in a collateral attack, the alien must demonstrate prejudice. *Encarnacion–Galvez*, 964 F.2d at 409. "In short, if the defendant was legally deportable and, despite the INS's errors, the proceeding could not have yielded a different result, the deportation is valid for purposes of section 1326." *United States v. Galicia–Gonzalez*, 997 F.2d 602, 603 (9th Cir.1993) (internal quotations omitted) (quoted by *United States v. Benitez-Villafuerte*, 186 F.3d 651, 658 (5th Cir. 1999)).

For counsel to be constitutionally ineffective for failing to challenge the deficiencies in Ruiz-Cabrera's prior deportation proceedings, Ruiz-Cabrera would have to show prejudice, that is, that counsel could have prevailed on the challenge. Ruiz-Cabrera has not presented *any* evidence to support his claim of deficient performance or prejudice. He has failed to meet his burden to establish ineffective assistance on this issue.

### 4. Failure to File a Notice of Appeal

Ruiz-Cabrera claims counsel met with him after sentencing, and Ruiz-Cabrera "did indicate his desire to appeal or challenge the conviction." D.E. 23, p. 8-9. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id*. at 484.

Counsel filed an affidavit in which she states that after sentencing, she spoke to Ruiz-Cabrera and they "agreed that I would call him the next day to discuss his right to appeal." D.E. 37, ¶ 6. Counsel further states that during the telephone conference, Ruiz-Cabrera advised counsel that he did not wish to appeal. *Id*., ¶ 38. Counsel testified that she noted this information on the front of her file as is her habit. *Id*., ¶ 39.

Even if Ruiz-Cabrera's statement that he indicated to counsel immediately after sentencing that he wanted to appeal or challenge his sentence is accurate, he does not refute counsel's testimony regarding their telephone conversation the day after sentencing in which Ruiz-Cabrera advised counsel not to file an appeal. "[A] defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe*, 528 U.S. at 477.

There is no conflict in the evidence that requires this Court to make a credibility finding. Ruiz-Cabrera had the opportunity to file a reply and file further evidence to address trial counsel's testimony regarding the telephone call and instructions she received, but he did not do so.

Ruiz-Cabrera failed to establish that he asked counsel to file a notice of appeal and she ignored his request, nor has he alleged that he would have filed an appeal but for counsel's ineffective assistance. He has failed to carry his burden to establish ineffective assistance of counsel.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Ruiz-Cabrera has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim

of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Ruiz-Cabrera is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V.  CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (D.E. 38) is **GRANTED**, Ruiz-Cabrera's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 23) is **DENIED**, and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 13th day of July, 2015.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE